UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Benchmark International CSSA, LLC,

    Plaintiff,

v.

Gerard Burdi, Nicholas Burdi, Gerard Burdi as Trustee of the Gerard L. Burdi Living Trust, Gerard Burdi as Trustee of the Gerard L. Burdi Small Business Trust 2018, Nicholas Burdi as Trustee of the Nicholas M. Burdi Living Trust, Nicholas Burdi as Trustee of the Nicholas M. Burdi Small Business Trust 2018, Union Paving & Construction Co., Inc., and Tracks Unlimited, LLC,

    Defendants.
_____

Civil Case No. 8:24-cv-00265

*Removal of Hillsborough County, Thirteenth Jud. Cir.*
*Case No. 24-CA-000270*

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Gerard Burdi, Nicholas Burdi, Gerard Burdi as Trustee of the Gerard L. Burdi Living Trust, Gerard Burdi as Trustee of the Gerard L. Burdi Small Business Trust 2018, Nicholas Burdi as Trustee of the Nicholas M. Burdi Living Trust, Nicholas Burdi as Trustee of the Nicholas M. Burdi Small Business Trust 2018, Union Paving & Construction Co. Inc., and

1

Tracks Unlimited, LLC (collectively, "Defendants") hereby file this Notice of Removal of the above-entitled action from the Circuit Court, Thirteenth Judicial Circuit, in and for Hillsborough County, Florida to the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

## Procedural Background And Relevant Facts

1. On January 11, 2024, Plaintiff Benchmark International CSSA, LLC ("Benchmark") commenced a civil action against Defendants in the Circuit Court, Thirteenth Judicial Circuit, in and for Hillsborough County, Florida (the "State Court Action") by filing a summons and complaint (the "Complaint" (or "Compl.")). That action, Case No. 24-CA-000270 is now pending in Florida state court.

2. In the Complaint, Benchmark alleges that, *inter alia*:

- it was engaged pursuant to an agreement (the "Agreement") to market and facilitate the sale of both (a) the ownership interests of Defendants Union Paving & Construction Co., Inc. ("Union Paving") and Tracks Unlimited, LLC ("Tracks") and (b) "all or part of the assets…owned by such entity(ies) or used by such entity(ies) in heavy construction" (Compl. ¶¶ 1, 18; Ex. A, p.1);

- in exchange for Benchmark's services, Benchmark will be paid: (a) $75,000 upon execution of the Agreement, and (b) upon

2

closing of such a "Transaction," a success or transaction fee equal to the greater of 3.50% of the transaction value or $2,000,000 (Compl. ¶¶ 22-23; Ex. A, p.1);

- in the Agreement the term "Transaction" means the "alienation" *to* any party, *by* one or more of the "Client Signatories" or other owners of the business (such as a sale, transfer, merger, or disposal, in whole or in part, of the entire business) (Compl. ¶ 26 n.4, 18; Ex. A, p.2);

- the Agreement also provides that in the event Benchmark is not fully involved in the closing of such a transaction, Benchmark shall be provided with the names of the "Counterparties" to such transaction, the names of any affiliates or related parties of such "Counterparties," the anticipated closing date, and copies of documents to allow Benchmark to determine the transaction's value and its fee (Compl. ¶ 27; Ex. A, p.2);

- however, only "estate planning" within Union Paving and Tracks occurred which merely changed the "current ownership structure of both companies" (*i.e.*, Defendant Nicholas Burdi's equity in the companies had been transferred to his nephew and Defendant Gerard Burdi's son, non-party Kyle Burdi) (Compl. ¶¶ 4, 29, 30, 40-42; Ex. B);

- despite the fact that neither Union Paving nor Tracks (much less their assets) were sold and that Benchmark never marketed or facilitated any such sale, Benchmark is claiming that "a Transaction Fee came due to Benchmark . . . and is now past due" as a result of Defendants' "estate planning" "transfer" between/among family member owners of the subject companies (Compl. ¶¶ 4, 29, 30, 40-42, WHEREFORE Clause D.; Ex. B); and

- Defendants "materially breached the Agreement" by "declining to provide Benchmark with copies of all draft and final agreements exchanged" and a "full accounting and all additional data required by Benchmark to calculate the full value of" Benchmark's fee in connection with Defendants' "estate planning" "transfer" between/among family member owners of the subject companies (Compl. ¶¶ 4, 40-42, 46; Ex. B).

3. Defendants anticipate filing a motion to dismiss because, among other things, the Complaint fails to state a claim upon which relief can be granted.

4. Copies of the Complaint, the docket, and all docket entries in the state court action collectively are annexed hereto as **COMPOSITE EXHIBIT A**, in compliance with M.D. Fla. L.R. 1.06(b).

5. Benchmark asserts in the Complaint that "[t]he parties entered into a contract that required performance in Hillsborough County, Florida." (Compl. ¶ 16.)  However, pursuant to paragraph 3 of Addendum A of the Agreement, the parties agreed that the Agreement and "all disputes arising out of or relating to this Agreement" shall be governed by and construed in accordance with the laws of the State of New York, and not the laws of Florida.  In addition, pursuant to paragraph 4 of Addendum A of the Agreement, the parties agreed to <u>delete the entirety</u> of Section 10(h) of the Agreement which provided that any action or proceeding relating to the Agreement "be brought and enforced in the . . . courts of the State of Florida located in Hillsborough County, Florida."

6. Notwithstanding, on January 16, 2024, Plaintiff filed a Motion to Transfer the state court action to the Complex Business Litigation Division "L."

## This Notice Of Removal Is Timely

7. It is our understanding that service of process was first attempted or effectuated between January 25-26, 2024.  Defendants' counsel received a copy of the Complaint via e-mail, dated January 16, 2024.  Accordingly, removal is timely, as Defendants are filing this Notice of Removal within 30 days after receipt of the Complaint.  *See* 28 U.S.C. § 1446(b).

## This Court Has Diversity Jurisdiction

8. Removal is proper because this Court has original jurisdiction of the state court action for purposes of 28 U.S.C. §§ 1332, 1441, based on diversity of citizenship.

9. The amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The Complaint seeks nonmonetary relief and monetary "damages, costs, attorneys' fees, contractual pre-judgment and post-judgment interest" from Defendants. (Compl. at 12.) The amount in controversy is, at a minimum, $2 million as per the terms of the Agreement (which defines "Transaction Fee" to be equal to the greater of 3.5% of the transaction value or $2 million). (Compl. Ex. A § 3(b).)[1] As the Complaint alleges, "[w]hile the exact amount of the fee in question remains unknown to Benchmark, the minimum fee due under any circumstances is at least $2,000,000." (Compl. at 4, n.3; *see also* Plaintiff's Motion to Transfer to Complex Business Litigation Division "L," ¶ 3 (claiming Benchmark "is owed a transaction fee equal to the greater of a percentage of the transaction value or $2,000,000.").)

10. The matter is also between citizens of different States. 28 U.S.C. § 1332(a), § 1442(b).

---

[1] In prior correspondence dated December 12, 2023, Benchmark has asserted a claim against Defendants in the amount of $2 million plus attorneys' fees.

11. As Benchmark alleges in the Complaint, Benchmark is a Florida limited liability company with its principal place of business located in Tampa, Florida. (Compl. ¶ 5.) Upon information and belief, the members of Benchmark are Florida citizens.

12. All Defendants are citizens of New Jersey.

13. Gerard Burdi, named as a Defendant in both his individual capacity and his capacity as trustee for the Gerard L. Burdi Living Trust and for the Gerard L. Burdi Small Business Trust 2018, is an individual domiciled in New Jersey and a New Jersey citizen.

14. Nicholas Burdi, named as a Defendant in both his individual capacity and his capacity as trustee for the Nicholas M. Burdi Living Trust and Nicholas M. Burdi Small Business Trust 2018, is an individual domiciled in New Jersey and a New Jersey citizen.

15. Defendant Union Paving is a New Jersey corporation with its principal place of business located in New Jersey.

16. Defendant Tracks is a New Jersey limited liability company with its principal place of business located in New Jersey. The members of Tracks currently are the Gerard L. Burdi 2018 Small Business Trust, the Amended and Restated Gerard L. Burdi Living Trust, the Gerard Burdi Sweat Equity Trust, the Kyle Burdi Dynasty Trust, and the Kyle Burdi Revocable Trust. The individual trustees of all Tracks member trusts are New Jersey citizens.

## All Other Removal Requirements Have Been Met

17. Venue is proper in this Court because the state court action is pending in this district. *See* 28 U.S.C. § 1446(a); *see also* 28 U.S.C. § 1441.

18. As set forth above, true and correct copies of the Complaint, the docket, and all docket entries in the state court action collectively are being filed with this Notice of Removal and are contained in **COMPOSITE EXHIBIT A**.

19. As required by 28 U.S.C. § 1446(d), Defendants, through their counsel, shall serve copies of this Notice of Removal, without the attached state court papers, on Benchmark and on the Clerk of the Circuit Court, Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.

20. All Defendants consent to removal.

## Non-Waiver Of Defenses

21. By removing this action from the Thirteenth Judicial Circuit, Defendants do not waive any defense available to them.

22. By removing this action from the Thirteenth Judicial Circuit, Defendants do not admit any of the allegations in the Complaint.

**WHEREFORE**, Defendants respectfully request removal of this action from the Circuit Court of the Thirteenth Judicial Circuit in and for

Hillsborough County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division

Dated: January 29, 2024         Respectfully submitted,

<u>/s/John E. Clabby</u>
John E. Clabby
Florida Bar No. 113664
Sarah J. Barney
Florida Bar No. 1041254
CARLTON FIELDS, P.A.
4221 West Boy Scout Boulevard, Suite 1000
Tampa, Florida 33607
Tel: 813-223-7000
Fax: 813-229-4133
Email: jclabby@carltonfields.com
Email: sbarney@carltonfields.com

and

Gabriel Levinson
Justin R. Bonanno
*Motions for Special Admission Forthcoming*
HAYNES AND BOONE, LLP
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
Tel: 212-835-4882
Fax: 212-918-8989
Email: gabriel.levinson@haynesboone.com
Email: justin.bonanno@haynesboone.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Notice of Removal was served this 29th day of January by electronic-mail and U.S. mail, first-class postage prepaid, on the following counsel of record:

Jason H. Baruch
Florida Bar No. 10280
Anne L. Kelley
Florida Bar No. 1026226
HOLLAND & KNIGHT LLP
100 North Tampa Street, Suite 4100
Tampa, FL 33602-3644
Telephone: 813-227-8500
Facsimile: 813-229-0134
E-Mail: jason.baruch@hklaw.com
E-Mail: anne.kelley@hklaw.com

*Counsel for Plaintiff*

                                        */s/John E. Clabby*
                                        John E. Clabby