## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**BENCHMARK INTERNATIONAL**
**CSSA, LLC,**

      **Plaintiff,**

**v.**                          **Case No.: 8:24-cv-0265-MSS-AAS**

**GERARD BURDI, et al.,**

      **Defendants.**
_____/

## ORDER

Defendants Gerard Burdi, Nicholas Burdi, Union Paving & Construction Co., Inc., and Tracks Unlimited, LLC (collectively, the defendants) move for entry of an order staying discovery pending resolution of their motion to dismiss Plaintiff Benchmark International CSSA, LLC's (Benchmark) complaint. (Doc. 20). Benchmark opposes the motion. (Doc. 21).

## I.   STANDARD

District courts have inherent power to control their dockets and manage their cases. *Equity Lifestyle Prop., Inc. v. Fla. Mowing and Landscaping Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). This inherent power includes the discretion to stay the proceedings. *Andersons, Inc. v. Enviro Granulation, LLC*, No. 8:13-cv-3004-T-33MAP, 2014 WL 4059886, at * 2 (M.D. Fla. Aug. 14, 2014).

1

"Motions to stay discovery pending ruling on a dispositive motion are generally disfavored in this district." *Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *3 (S.D. Fla. Nov. 9, 2012).[1]

In deciding a defendants' request for a stay of discovery pending a ruling on a dispositive motion, "it is necessary for the court to 'take a preliminary peek' at the merits of the [dispositive motion] to see if it appears to be clearly meritorious and truly case dispositive." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). When evaluating whether a motion to dismiss is "clearly meritorious," courts consider whether "any binding Eleventh Circuit authority" clearly requires dismissal of the claims. *See Meyer v. Diversified Consultants, Inc.*, Case No. 3:14-cv-393-J-34JBT, 2014 WL 5471114, at *2 (M.D. Fla. Oct. 29, 2014). In addition, "discovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made or where a statute dictates that a stay is appropriate or mandatory." *Montoya v. PNC Bank, N.A.*, No. 14-20474-CIV, 2014 WL 2807617, at *2 (S.D. Fla. June 20, 2014). "Ultimately, the proponent of the stay bears the burden of

---

[1] "Normally, the pendency of a motion to dismiss or a motion for summary judgment will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion. Such motions for stay are rarely granted. However, unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden." Middle District Discovery (2021) § I.E.4.

2

demonstrating its necessity, appropriateness, and reasonableness." *Ray*, 2012 WL 5471793, at *1.

## II.   ANALYSIS

Benchmark's complaint contains one count for breach of contract against the defendants. (Doc. 1-1, p. 14). The contract is a brokerage agreement between Union Paving & Construction Co., Inc. and Tracks Unlimited, LLC (the Companies) for Benchmark to "market and facilitate the sale" of the "ownership interests" of the Companies and "all or part of the assets" owned or used by the Companies (the Agreement). Benchmark alleges the defendants breached the Agreement and "a Transaction Fee came due to Benchmark" because of an August 2023 "change of ownership." (*Id.*, p. 15). Benchmark requests injunctive relief directing the defendants to comply with their disclosure and accounting obligations. (*Id.*). Benchmark also requests declaratory judgment under Fla. Stat. § 86.061 that the change of ownership constitutes a "Transaction" as defined in the Agreement and a transaction fee is due. (*Id.*).

Benchmark requests discovery related to the events surrounding the August 2023 change of ownership, which Benchmark alleges triggers its rights under the Agreement. The defendants request a discovery stay pending disposition of their motion to dismiss and argue Benchmark is impermissibly attempting to use the discovery process to obtain the ultimate relief requested

—an accounting. *See Finnieston, Inc. v. Pratt*, 673 So.2d 560, 561 (Fla. 3rd DCA 1996) ("It is well settled that discovery as to an accounting must be deferred until the preliminary issue of the right to an accounting is settled."). However, Benchmark also requests other forms of relief, such as declaratory relief under Fla. Stat. § 86.061.

When weighing the harms caused by a discovery stay against the potential burden in proceeding with discovery, the facts and relevant caselaw favor denial of the stay. The parties could not agree on case management deadlines. (*See* Doc. 19). The defendants propose a trial date of February 2026. However, Benchmark requests this case be tried a year earlier in February 2025. If the court adopts Benchmark's case management deadlines, a stay will disrupt the effective management of this case. *See Benson v. Enter. Leasing Co. of Fla., LLC*, No. 6:20-CV-891-ORL-37LRH, 2020 WL 9762513, at *2 (M.D. Fla. Oct. 29, 2020) ("Motions to stay discovery pending a ruling on a dispositive motion are disfavored 'because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.'") (citations omitted).

Any financial burden imposed by discovery is insubstantial when considering a discovery stay. *McCrimmon v. Centurion of Fla., LLC*, No. 3:20-cv-36-J-39JRK, 2020 WL 6287681, at *2 (M.D. Fla. Oct. 27, 2020) ("Defendants'

unsubstantiated assertion that engaging in discovery now will 'impose an undue burden' on them is insufficient to justify a stay in discovery when a 'preliminary peek' at the motions to dismiss does not impress upon the Court that all claims against Defendants are likely to be dismissed."). In addition, potential concerns over confidentiality or Benchmark's entitlement to an accounting can remedied by other means under the Federal Rules of Civil Procedure, and do not require a stay of discovery. *Ray v. Spirit Airlines, Inc.*, No. 12-61528-Civ, 2012 WL 5471793, at *4 (S.D. Fla. Nov. 9, 2012) (denying motion to stay discovery and noting that should any future discovery requests burden or harass movant, "the multitude of tools provided by the discovery rules remain at [the party's] disposal").

Further, a preliminary review of the defendants' motion to dismiss reveals it does not meet the stringent "clearly meritorious" standard. The defendants argue the complaint fails to state a claim because it does not allege a "Transaction" occurred under the Agreement. (*See* Doc. 17, pp. 12–21). In support of their argument, the defendants contend there was merely a change in ownership of the Companies between Nicholas Burdi and Gerald Burdi's son Kyle Burdi—both of whom the defendants allege are "Client Signatories" under the Agreement—which does not constitute a "Transaction" as defined by the Agreement. (*Id.*). Contrary to the defendants' argument, Benchmark argues because Kyle Burdi is not a "Client Signatory" or otherwise a party to

5

the Agreement, he qualifies as "any party" to whom a transfer triggers a "Transaction."[2] (Doc. 21, pp. 12–15). Considering both parties' arguments, the defendant's motion to dismiss does not meet the "clearly meritorious" standard. *Silva v. Lee County, Florida*, No. 2:21-cv-210-JLB-NPM, 2021 WL 3849829, at *1 (M.D. Fla. Aug. 27, 2021) (quoting *Eternal Strategies, LLC v. Clickbooth Holdings, Inc.*, 2017 WL 7311849, *2 (M.D. Fla. 2017)) ("Unless there is 'an immediate and clear possibility' that a motion to dismiss will be granted, a motion to stay discovery should be denied.").

## III.   CONCLUSION

Because the interests of justice weigh against granting a discovery stay and the defendants' motion to dismiss is not clearly meritorious, the defendants' motion to stay discovery (Doc. 20) is **DENIED**.

**ORDERED** in Tampa, Florida on April 10, 2024.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[2] The Agreement's definition of "Transaction" provides, "the alienation to any party, regardless of how or by whom procured, by one or more of the Client Signatories or other owners of the Business."

6